There is a law, founded in extreme and invincible public necessity, which justifies the officer, in promoting * the pub-
 
 *590
 
 lie welfare, to use and even destroy private property, without any precedent legal ceremonies, such as demolition or even burning of houses, to render an attack upon an enemy successful, or to defeat his attempts. For like reasons, also, may the ground of an individual be occupied, and fortifications be erected, and intrench-ments be made in it. There,
 
 salus populi est suprema lex
 
 (Com. Dig. title “ Trespass ”) allows such cause to be a justification. This is the law in extraordinary cases. In all other cases, we have a positive and a fundamental law. It is contained within the twenty-first section of our Bill of Rights: “ No man’s property sháll be taken or applied to public uses, without the consent of his representatives, or without just compensation being made therefor.” In the case of an impressment in the late war, caused by a British officer in Canada, the injured party recovered heavy damages against him, though he endeavored to cover himself by the plea of necessity. In the English law, though the impressment of seamen is tolerated by long usage, till deemed a part of the common law, yet there are no instances of legal allowance of the impressment of private property,, nor any conversion of it to public uses, but by a previous law for the purpose, and the intervention of a jury. This clause of our Constitution means that impressments may be made when the Legislature shall be of opinion that the public necessity requires them, and when they have authorized them by law, under such regulations, to prevent abuse and the oppression of individuals, as their wisdom may invent for the purpose. They alone are the judges in all cases contradistinguished from the extreme ones just mentioned. When measures of so much inconvenience shall be resorted to, it is not left, and ought not to be left to the discretion of a military officer. For if the general may judge when it is necessary, and put it in practice, so may the next officer in command at another post, and those of still inferior * grade in other parts of the country where stationed, until at every military post this despotic measure shall be resorted to, without any rule to restrain excesses or to prevent oppression and disproportioned exac-tions. And can any state of despotism be conceived more injurious to the rights of the citizen ? Can he be free who is subjected to means so arbitrary ? See Strange, 646; 6 Ba. Ab. 583, cited from Brooks’s Trespass, pl. 213. If J. S. dig up the land of J. M. to raise a bulwark against a public enemy, &c., trespass will not lie.
 
 *591
 
 See also the removals in Dallas, cited in the University case in North Carolina; and see, also, Vattel, concerning the right of eminent domain.
 
 Judgment for the plaintiff below.
 

 See
 
 Yost
 
 v.
 
 Stout,
 
 4 Cold. 205;
 
 Witherspoon
 
 v.
 
 Moody,
 
 4 Cold. 605;
 
 Barnhill
 
 v.
 
 Phillips,
 
 4 Cold. 1;
 
 Riggs
 
 v.
 
 State,
 
 3 Cold. 85;
 
 Morrow
 
 v.
 
 Blevins,
 
 4 Hum. 223;
 
 Merritt
 
 v.
 
 Mayor and Aldermen of Nashville,
 
 5 Cold. 95; King’s Digest, 365, 3376, 8580, 12,041.